UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **FULL SPECTRUM SOFTWARE, INC.** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **FORTE AUTOMATION SYSTEMS, INC.,** ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 4:12-cv-40098-TSH |

**ORDER DENYING DEFENDANT'S 12(b)(6) MOTION TO DISMISS,
OR IN THE ALTERNATIVE MOTION TO TRANSFER**
November 19, 2012

**HILLMAN, J.**

Full Spectrum Software, Inc. ("Full Spectrum") brings suit against Forte Automation Systems, Inc. ("Forte") seeking legal and equitable remedies stemming from Forte's alleged breach of a consulting services agreement ("CSA"). Forte moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) or, alternatively, transfer this case to the United States District Court for the Northern District of Ohio under 28 U.S.C. § 1404(a). Because Full Spectrum has satisfied its preliminary burden of pleading a claim upon which relief can be granted, Forte's Motion to Dismiss is **DENIED**.

**Legal Standard**

To survive a motion to dismiss, a complaint must evince the requisite factual detail to establish a plausible claim by "allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). When deciding a motion to dismiss, the court is obligated to accept all factual accounts contained within the complaint as true and draw reasonable inferences in a plaintiff's

favor. *See Langadinos v. Am. Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000). Where, as here, a motion to dismiss is based on a contract's forum selection clause, courts consider the motion under Fed. R. Civ. P 12(b)(6) for failing to state a claim upon which relief can be granted. *Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009). Furthermore, "[u]nder Rule 12(b)(6), the district court may properly consider *only* facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment." *Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc.*, 524 F.3d 315, 321 (1st Cir. 2008) (emphasis added). The First Circuit, however, "recognize[s] an exception to this rule 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint,' which courts may properly consider on 12(b)(6) motions." *Rivera*, 575 F.3d at 15 (quoting *Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001)); *Beddall v. State Street & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998) (noting that when a document is "expressly linked" to the complaint it "effectively merges into the pleadings" and is reviewable as a Rule 12(b)(6) motion). Therefore, if a court converts a Rule 12(b)(6) motion into a motion for summary judgment, it will find for the movant if after considering the available evidence in favor of the nonmovant, "no genuine dispute as to any material fact" remains. Fed. R. Civ. P. 56(a).

District courts are vested with the power to transfer a civil suit to another district "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). The Supreme Court has held that "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case

consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S. Ct. 805 (1964)). Courts must balance certain interests that impact both the "public" and "private" domain. *Id.* at 30. Factors that are decidedly public "encompass the statutory consideration of the interest of justice, focus on judicial economy and often include the district court's familiarity with the governing law, the local interest in deciding local controversies at home, and the relative congestion of the courts." 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3847 (3d ed. 2007). Factors concerning private rights are "the statutory considerations of convenience of the parties and witnesses, but also often include the plaintiff's forum preference, where the claim arose, and the relative ease of access to sources of proof." *Id.* Moreover, the First Circuit also considers "the availability of documents; the possibility of consolidation; and the order in which the district court obtained jurisdiction." *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000). On appeal, a district court's decision under Section 1404(a) is reviewed under the abuse of discretion standard. *Astro-Med, Inc. v. Nihon Kohden Am.*, 591 F.3d 1, 13 (1st Cir. 2009).

### Discussion

Forte's motion is based on the enforceability of the forum selection clause contained in the CSA, which is neither explicitly mentioned[1] nor incorporated within Full Spectrum's Complaint (Docket Nos. 1, 17). In fact, the CSA was first introduced by Forte's Motion to Dismiss. *See* Henderson Aff. Ex. A (Docket No. 18-1). Although the CSA was omitted from the Complaint, the Court will not consider this motion under the stricter evidentiary standard set forth in Rule 56(a). Here, consideration of the CSA is appropriate under Rule 12(b)(6) because

---

[1] Full Spectrum only refers to a "contract" with Forte in its breach of contract cause of action. Compl. ¶¶ 7-8.

the authenticity of the CSA is not disputed and because the CSA is expressly linked to the Complaint and is central in resolving not only this motion but also the litigation as a whole.

The First Circuit has held that forum selection clauses are prima facie valid and enforceable "absent a strong showing that it should be set aside." *Huffington v. T.C. Group, Inc.*, 637 F.3d 18, 23 (1st Cir. 2011) (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907 (1972)).  Courts, however, have refused to enforce such clauses when:

> (1) the clause was the product of fraud or overreaching; (2) enforcement would be unreasonable and unjust; (3) proceedings in the contractual forum will be so gravely difficult and inconvenient that [the party challenging the clause] will for all practical purposes be deprived of his day in court; (4) enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.

*Id.* (internal citations and quotations omitted).

After considering the parties' arguments, it is clear that their choice of Ohio as the forum jurisdiction was arbitrary. Notwithstanding existing precedent, the enforcement of the forum selection clause is premised upon the enforceability of the CSA as a whole. At this juncture, there remains questions as to whether the CSA was the final "meeting of the minds" between the parties and whether or not the CSA applies prospectively, retrospectively, or both.  Thus, the Court finds that dismissing this action by enforcing the forum selection clause of the CSA would be unreasonable and unjust. Furthermore, it would be inappropriate to transfer this action to the Northern District of Ohio where neither of the parties reside nor any of the transactions or occurrences took place. In light of the public and private implications of transferring, the present forum would be more convenient and fair to the parties.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (Docket No. 16) is **DENIED**.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**