UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

| | | |
|---|---|---|
| FULL SPECTRUM SOFTWARE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | NO. 12-40098-TSH |
| FORTE AUTOMATION SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

_____

## ORDER AND MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

**August 27, 2015**

HILLMAN, D.J.

Pending before the Court is Plaintiff's motion for attorney's fees and costs. For the following reasons, the Court awards a total sum of $175,234.69.

### Background

Plaintiff Full Spectrum Software, Inc. ("Full Spectrum") filed this action on August 10, 2012, asserting claims arising out of a contract dispute with Defendant Forte Automation Systems, Inc. ("Forte"). The complaint asserted counts for breach of contract, quantum meruit, replevin, declaratory judgment, and a violation of M.G.L. c. 93A. On June 26, 2015, following a five-day trial, a jury returned a verdict in favor of Full Spectrum in the amount of $483,053.75. Specifically, the jury found that Defendant Forte Automation Systems (1) breached an implied contract with Full Spectrum, and (2) violated M.G.L. c. 93A by engaging in unfair or deceptive acts or practices in its business dealings with Full Spectrum. The jury awarded Full Spectrum $133,053.75 on the contract claim, and $350,000.00 on the 93A claim. Full Spectrum now seeks

an award of attorney's fees and costs pursuant to M.G.L. c. 93A, § 11(6), requesting $332,324.15

in fees and $18,145.21 in costs, for a total award of $350,468.36.

## Discussion

### Legal Standard

Having prevailed on its 93A claim, Full Spectrum is entitled to an award of reasonable

attorney's fees. Chapter 93A, § 11, paragraph 6 of the Massachusetts General Laws states:

> If the court finds in any action commenced hereunder, that there has been a violation of
> section two, the petitioner shall, in addition to other relief provided for by this section and
> irrespective of the amount in controversy, be awarded reasonable attorneys' fees and
> costs incurred in said action.

M.G.L. c. 93A § 11(6). In awarding attorney's fees under 93A, Massachusetts courts

consider a number of factors, including: "the nature of the case and the issues presented, the time

and labor required, the amount of damages involved, the result obtained, the experience,

reputation and ability of the attorney, the usual price charged for similar services by other

attorneys in the same area, and the amount of awards in similar cases." *Linthicum v.*

*Archambault*, 379 Mass. 381, 388-89, 398 N.E.2d 482 (1979). "No one factor is determinative,

and a factor-by-factor analysis, although helpful, is not required." *Berman v. Linnane*, 434 Mass.

301, 303, 748 N.E.2d 466 (2001). "What constitutes a reasonable fee is a question that is

committed to the sound discretion of the judge." *Id.* at 302-03. Ultimately, "the amount awarded

should be determined by what the services were objectively worth." *Star Fin. Servs., Inc. v.*

*AASTAR Mortg. Corp.*, 89 F.3d 5, 16 (1st Cir. 1996). Where, as here, "a single chain of events

gives rise to both a common law and a Chapter 93A claim, apportionment of legal effort between

the two claims is not necessary." *See Hanover Ins. Co. v. Sutton*, 46 Mass. App. Ct. 153, 177,

705 N.E.2d 279 (1999).

2

*Analysis*

The Court has reviewed the pretrial and trial record of this case, along with the affidavits and billing records submitted by Full Spectrum in support of its application for fees and costs. In determining an objectively reasonable award based on the work of Full Spectrum's attorneys, the Court has considered these materials and the arguments of the parties in light of the *Linthicum* factors, and finds as follows.

Full Spectrum's attorneys provided able representation prior to, during, and through trial. There is no question that, having received a favorable jury verdict on the contract claim and multiple damages on the 93A claim, Full Spectrum's counsel obtained a total victory for their client. Further, the Court finds that the rates charged by Full Spectrum's attorneys were reasonable considering the usual price charged for similar services in the area—a point not contested by Defendant. These factors support Full Spectrum's request for fees and costs.

However, the Court is troubled by other aspects of the fee application. Although the parties are engaged in an industry that involves complex medical software and technology, the sole issue litigated by the attorneys for nearly three years was a straightforward contract claim. Over the life-span of this case, the nature of the dispute—whether Forte agreed to pay Full Spectrum for software development services—never changed. The case involved no novel legal issues or complex facts, and required minimal discovery compared to other commercial disputes. Nonetheless, counsel billed over two-and-a-half times as much in legal fees as the value of the underlying contract. Although Full Spectrum made out handsomely in the end, resolution of this case could have been pursued with greater efficiency.

Of even greater concern is that the supporting documentation submitted by Full Spectrum is wholly inadequate for the Court to determine whether the time and labor actually expended in

this case was reasonable. Full Spectrum has filed nearly 150 pages of heavily redacted, chronological invoices. No meaningful attempt has been made to summarize the content of the billing records, organize them by subject matter, or provide a total figure for the number of hours spent on the case by each attorney. The Court recognizes that it is the prerogative of the fee applicant to redact information contained in legal bills on the basis of work-product or attorney-client privilege. *See Pizzo v. Gambee*, 796 F. Supp. 2d 270, 272-73 (D. Mass. 2011). However, when it comes to a fee request, a plaintiff has an "obligation to submit sufficient documentation to enable the judge to evaluate the hours spent on particular aspects of the case or the precise nature of the work." *Twin Fires Investment, LLC v. Morgan Stanley Dean Witter & Co.*, 445 Mass. 411, 428, 837 N.E.2d 1121 (2005); *Janney Montgomery Scott LLC v. Tobin*, 692 F. Supp. 2d 192, 199 (D. Mass. 2010) ("The burden is on the fee applicant to establish his entitlement to reasonable fees through submission of evidence.").

That burden has not been met here, and a significant reduction is warranted on that basis alone. Due to the extent of the redactions contained in the billing records, there is simply no way for this Court to competently determine whether the tasks and time billed by counsel were reasonable. Full Spectrum's offer to provide unredacted copies for *in camera* review is not sufficient, either. Even if the Court were to review unredacted invoices, the documentation still resembles the "data dump" confronted by the Massachusetts Supreme Judicial Court in *Twin Fires*, where the court affirmed a 45% reduction in the requested award. *Twin Fires*, 445 Mass. at 429 (observing that "the detail submitted by the plaintiffs was overwhelming, but the substance of the work was elusive"). Given its limited judicial resources, it is not for the Court "to sort out the plaintiff's perplexing submission" in support of a fee request. *Id.*

The Court's concerns are further heightened by what little information can be gleaned from the billing records. Full Spectrum's application seeks the entire amount of fees it was invoiced by its attorneys over the course of this case. Yet a cursory examination of the invoices reveals several problems with that request. First, there are numerous block billing entries which do not assign separate time values to each separate task. *See, e.g.*, Invoice FSS006806, entry for 5/29/13 (billing 8.30 hours for "conduct comprehensive legal research [redacted]; further drafting reply brief; review emails from client re: [redacted]; review/analyze email from Iowa counsel re: [redacted]). "[C]ourts have imposed global fee reductions of ten to twenty percent" on the basis of block-billing alone. *Hermida v. Archstone*, 950 F. Supp. 2d 298 (D. Mass. 2013) (citing cases).

Second, a substantial number of time entries relate to a wholly separate action in Iowa. *See, e.g.*, Invoice FSS006799, entries for 4/24/13, 4/25/13, and 4/26/13 (billing for "analysis of Iowa pleadings," "locate and emails with local counsel in Iowa," and "emails with local counsel in Iowa re: [redacted]"). Fees and costs incurred in separate litigations are not recoverable. *See Drywall Sys., Inc. v. ZVI Const. Co.*, 435 Mass. 664, 673, 761 N.E.2d 482 (2002) (observing that 93A "authorizes the award of attorney's fees 'incurred in connection with said action' (i.e., the G.L. c. 93A action), but not for other actions").

Third, Full Spectrum's counsel routinely billed for attorney travel and administrative tasks performed by attorneys. *See, e.g.*, Invoice FSS006824, entries for 10/01/13 and 10/07/13 (block billing entries including "arrange for deposition date of defendant; arrange for conference room in Chicago, IL" and "travel to deposition in Chicago, IL"); Invoice FSS006877, entry for 10/22/14 (block billing entry including "assemble numerous documents for summary judgment motion"); Invoice FSS006951, entry for 06/07/15 (block billing entry including "assemble trial

exhibits for [redacted]"); Invoice FSS006955, entry for 06/17/15 (block billing entry including

"travel to . . . United States District Court in Worcester, MA"). Courts in this circuit typically do

not award full attorney rates for administrative tasks, s*ee Lipsett v. Blanco*, 975 F.2d 934, 940

(1st Cir. 1992), and reduce fees for hours spent traveling by fifty percent. *See Diaz v. Jiten Hotel*

*Management, Inc.*, 822 F. Supp. 2d 74, 79 (D. Mass. 2011) *rev'd in part on other grounds*, 704

F.3d 150.

Fourth, significant time was billed for unsuccessful motions. The Court denied Full

Spectrum's motions for a temporary restraining order (Docket No. 6) and preliminary injunction

(Docket No. 20), a motion to compel filed well after the close of discovery (Docket No. 121),

and a motion for summary judgment on claims plainly involving genuine disputes on material

facts (Docket No. 130). It appears that over 150 hours of attorney time was billed on Full

Spectrum's unmeritorious summary judgment motion alone. *See* Invoices FS006876-6895. The

Court did not grant a single substantive pre-trial motion filed by Full Spectrum. Motion practice

is a necessary part of litigation, but for purposes of a fee request, "time invested in issues that are

litigated profligately, unnecessarily, or without benefit to the prevailing party may be

disallowed." *Janney*, 692 F. Supp. 2d at 197 (quoting *United States v. One Star Class*, 546 F.3d

26, 39 (1st Cir. 2008)).

Finally, other billing entries appear to be simply excessive or redundant. For example,

more than eighty entries, totaling over forty hours of attorney time, reflect conferences between

attorneys. *See, e.g.*, Invoice FSS006779, entry for 07/02/12 (billing 0.50 hours for "conference

with D. McGlone regarding [redacted]"); Invoice FSS006797, entry for 02/27/13 (billing 0.40

hours for "conference with J.Talvacchia re: [redacted]"); Invoice FSS006954, entry for 06/15/15

(block billing entry for 9.70 hours including "conferences with DMM regarding [redacted]").

Although meetings and phone calls between attorneys are frequently necessary to effectively manage a case, the excessive conferencing billed to Full Spectrum demonstrates "a duplication of effort for which less than full fare" should be awarded. *See Guckenberger v. Boston Univ.*, 8 F. Supp. 2d 91, 101 (D. Mass. 1998).

The Court is similarly concerned about Full Spectrum's request for costs. Many entries reflect billing for items such as "document reproduction," "postage," "computer assisted legal research," and "telephone charges." *See, e.g.*, Invoice FSS006806. These types of expenses "are properly considered the overhead associated with running a law firm" and should be considered included in the hourly rates paid to the attorneys. *Conservation Law Found., Inc. v. Patrick*, 767 F. Supp. 2d 244, 259 (D. Mass. 2011).

The Court reiterates that the heavily redacted "data dump" provided by Full Spectrum makes it impossible for the Court to reliably calculate fee and cost figures based on the number of hours spent by each attorney on reasonable legal services. Thus, the Court is left to make its best guess as to the objective value of the work performed by Full Spectrum's attorneys over the course of three years. In light of the concerns already described, the Court is compelled to reduce the requested award substantially. In so doing, the Court is cognizant of the fact that "[f]ee shifting provisions in general reflect a legislative judgment that the public as a whole has an interest in the vindication of the rights conferred" by statutes such as M.G.L. c. 93A. *Joyce v. Town of Dennis*, 720 F.3d 12, 31 (1st Cir. 2013); *see also NASCO, Inc. v. Public Storage, Inc.*, 127 F.3d 148, 154 (1st Cir. 1997) (observing that the very purpose of the 93A attorney's fees provision "is to deter businesses from engaging in unfair and deceptive trade practices where those practices have adverse effects" on the public). Thus, too great a downward departure would

impermissibly undermine the legislative purpose embodied by the Massachusetts consumer protection statute.

In light of the foregoing, the Court concludes that an award of $166,162.08 in fees (50% of the fees request) and $9,072.61 in costs (50% of the costs request) is reasonable. Thus, the Court awards a total sum of $175,234.69. This amount is consistent with awards in similar cases. *See Amcel Corp. v. Int'l Exec. Sales, Inc.*, 1997 U.S. Dist. LEXIS 23543, *35-38 (D. Mass. Sep. 26, 1997) (awarding $219,099 in fees and costs on a 93A claim in which plaintiffs received treble damages of $664,761); *Polycarbon Indus., Inc. v. Advantage Eng'g, Inc.*, 260 F. Supp. 2d 296, 310 (D. Mass. 2003) (awarding $160,349.85 in fees and costs on a 93A claim in which plaintiffs received double damages of $520,000); *Clamp-All Corp. v. Foresta*, 53 Mass. App. Ct. 795, 812-14, 763 N.E.2d 60 (2002) (awarding $165,033.95 in fees and costs on 93A claim in which plaintiff received damages of $723,906). Furthermore, this award strikes the appropriate balance between vindicating the rights of plaintiffs like Full Spectrum and the public under 93A, and ensuring that the fee-shift provision is not used as a license for exorbitant billing practices or scorched-earth litigation tactics on simple contract claims.

## <u>Conclusion</u>

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees and Costs is ***<u>granted in part</u>*** and ***<u>denied in part</u>***. The Court awards a total sum of $175,234.69 in fees and costs.


**SO ORDERED.**


                                                      */s/ Timothy S. Hillman*
                                                      **TIMOTHY S. HILLMAN**
                                                      **DISTRICT JUDGE**